1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

FERNANDO F. VELARDE,

CASE NO. 10cv2609 DMS (WMc)

12

Petitioner,

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE, DENYING PETITION, AND DENYING CERTIFICATE OF APPEALABILITY**

vs.

13
14

MATTHEW L. CATE, Warden,

15

Respondent.

16
17

Petitioner Fernando F. Velarde, a state prisoner, filed a Petition for Writ of Habeas Corpus

18

pursuant to 28 U.S.C. Section 2254 ("Petition"). Petitioner was charged with three counts: (1)

19

possession/purchase of cocaine base for sale, 14.25 grams of cocaine base; (2) transportation of a

20

controlled substance; and (3) having a concealed firearm in his vehicle. On September 20, 2007, he

21

pled guilty to count one and admitted to a firearm enhancement. In exchange, the remaining two

22

counts were dismissed. Pursuant to the plea agreement, he received credit for time served at

23

sentencing (364 days) and a four year suspended sentence. Because Petitioner was not a United States

24

citizen and faced deportation, he subsequently attempted to withdraw his guilty plea, but his motion

25

was denied. He claims his federal constitutional rights were violated because his counsel were

26

ineffective when they advised him that by pleading guilty his chance of avoiding deportation was

27

"extremely slim" rather than advising him that the law required his deportation.

28

/ / / / /

The Petition was referred to United States Magistrate Judge William McCurine, Jr. for a report and recommendation ("R&R") pursuant to 28 U.S.C. Section 636(b)(1)(B) and Civil Local Rule 72.1(d). Although the Magistrate Judge found the state court "unreasonably applied *Strickland* [*v. Washington*, 466 U.S. 668 (1984),] to the facts of Velarde's case" on the issue whether the counsels' representation fell below the objective standard of reasonableness (R&R at 12), he also found the state court "reasonably applied the second prong of *Strickland*" on the issue of prejudice (*Id*. at 16). He recommended denying the Petition. Petitioner filed objections. Respondent did not file a response. For the reasons which follow, Petitioner's objections are overruled, the Report and Recommendation is adopted in part as stated herein, and the Petition is **DENIED**.

In reviewing a magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Petitioner objects to the Report and Recommendation insofar as it finds the state court reasonably applied *Strickland*'s prejudice prong.

The question raised by the Petition is

> whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under [the Antiterrorism and Effective Death Penalty Act], though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), an *unreasonable* application of federal law is different from an *incorrect* application of federal law. A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

*Harrington v. Richter*, 562 U.S. __, 131 S. Ct. 770, 785 (2011) (internal quotation marks and citation omitted, emphases in original). "Even under *de novo* review, the standard for judging counsel's representation [under *Strickland*] is a most deferential one." *Id*. at 788.

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The

1  question is whether there is any reasonable argument that counsel satisfied *Strickland*'s
2  deferential standard.

3  *Id.* (internal quotation marks and citations omitted).

4      To establish the deficient performance prong under *Strickland*, "a  person challenging a
5  conviction  must  show  that  'counsel's  representation  fell  below  an  objective  standard  of
6  reasonableness.   A  court  considering  a  claim  of  ineffective  assistance  must  apply  a  'strong
7  presumption'  that counsel's representation was within the  'wide range'  of reasonable professional
8  assistance.  The challenger's burden is to show 'that counsel made errors so serious that counsel was
9  not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'"  *Harrington*,
10  131 S. Ct. at 787, quoting *Strickland*, 466 U.S. at 687-89.

11     The Magistrate Judge concluded, "Given the Ninth Circuit's advisement against attorneys use
12  of 'passive omission' when counseling their clients, it is recommended the Court find the California
13  Court of Appeal unreasonably applied *Strickland* to the facts of Velarde's case in light of the rule
14  announced recently by the Supreme Court in *Padilla* which requires a duty to give correct advice
15  when immigration consequences are clear."  (R&R at 12 (emphasis omitted), citing *Padilla v.*
16  *Kentucky*, 130 S. Ct. 1473, 1483 (2010).)  The recommendation therefore rests on *Padilla* and *United*
17  *States v. Bonilla*, which included the advisement against "passive omission of correct advice about
18  the possibility of deportation," 637 F.3d 980, 983-84 (9th Cir. 2011).

19     As pertinent here, 28 U.S.C. Section 2254(d)(1) provides that a state habeas application may
20  be granted only if the state court adjudication "involved an unreasonable application of[] clearly
21  established Federal law, as determined by the Supreme Court of the United States."  This occurs when
22  "the state court identifies the correct governing legal principle from [the United State Supreme]
23  Court's decisions but unreasonably applies the principle to the facts of the prisoner's case."  *Williams*
24  *v. Taylor*, 529 U.S. 362, 413 (2000).  The "clearly established Federal law" in section 2254(d)(1)
25  "refers to the holdings, as opposed to the dicta, of [the United States Supreme] Court's decisions as
26  of the time of the relevant state-court decision."  *Carey v. Musladin*, 549 U.S. 70, 74 (2006).

27     The Report and Recommendation finding on the deficient performance prong rests largely on
28  *Padilla*.  *Padilla* established "that advice regarding deportation was not categorically removed from

the ambit of the Sixth Amendment right to counsel." 130 S. Ct. at 1478 at 1482. Prior to *Padilla*, this issue had not been addressed by the United States Supreme Court and was the subject of disagreement among jurisdictions. *See id.* at 1481 & n.9. *Padilla* was decided on March 31, 2010, after the relevant state court decisions were rendered in Petitioner's case. Petitioner's motion to withdraw his guilty plea was denied on June 9, 2008, and the state court issued its last reasoned opinion on December 18, 2009. The principle on which the Report and Recommendation rests therefore was not clearly established by the United States Supreme Court as of the time of the relevant state-court decision, and cannot serve as a basis for the finding that the state court decision resulted from an unreasonable application of clearly established federal law. *See Carey*, 549 U.S. at 76.

For the same reason, the Report and Recommendation cannot rest on *Bonilla*, which was decided March 11, 2011. Furthermore, *Bonilla* is not a United States Supreme Court decision and did not apply *Strickland*, but instead relied on the standard for change of plea under Federal Rules of Criminal Procedure. 637 F.3d at 983 ("fair and just reason" for withdrawal under Rule 11(d)(2)(B)).

Even if *Padilla* had been decided prior to the relevant state court decision in Petitioner's case, it does not support a finding that the state court decision involved an unreasonable application of clearly established federal law. The counsel in *Padilla* failed to advise the defendant of the deportation consequence of his guilty plea and told him not to worry about his immigration status because he had been in the country for so long. 130 S. Ct. at 1477-78. The Supreme Court ruled that "a constitutionally competent counsel would have advised [the defendant] that his conviction for drug distribution made him subject to automatic deportation." *Id*. at 1478. Unlike in *Padilla*, Petitioner was advised that his chances of avoiding deportation after guilty plea were "extremely slim." (Lodg. 9 (California Court of Appeal decision) at 6.)

Authority to issue habeas relief is limited to cases where "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [United States Supreme] Court's precedents. It goes no farther." *Harrington*, 131 S. Ct. at 786. "Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. Based on *Padilla*'s holding and the facts of Petitioner's case, this Court cannot conclude that no fairminded jurists could agree on the
/ / / / /

correctness of the state court's decision that counsels' performance in Petitioner's case did not fall below the objective standard of reasonableness.

The Report and Recommendation is based on federal law which was not clearly established as of the time of the relevant state court decision in Petitioner's case.  In addition, it appears not to apply the doubly deferential standard applicable to federal habeas review of ineffective assistance claims.  It is therefore rejected insofar as it finds that the state court unreasonably applied the deficient performance prong of *Strickland* to the facts of Petitioner's case.

With respect to the prejudice prong of *Strickland*, "a challenger must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.'  It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington*, 131 S. Ct. at 787, quoting *Strickland*, 466 U.S. at 693-94; *see also Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (whether the outcome would likely be different had the petitioner gone to trial).

Petitioner points to a "smoking gun" document (Objections at 2), arguing that the state court's conclusion of no prejudice was unreasonable.  He relies on the trial court transcript where the judge indicated that sometimes an immigration hold is not placed or, if placed, is lifted, even if only due to error. (Lodg. 3 at 133.)  To the extent the trial judge suggested there was a possibility immigration hold would not be placed on Petitioner, this was inaccurate because a hold had in fact been placed at the time of his arrest.  (Objections at 2-3; Lodg. 14, Ex. A (immigration hold).)  Petitioner argues the state appellate court's reference of this statement (Lodg. 9 at 11-12) demonstrates the unreasonableness of its decision.  The Court disagrees.  The trial court transcript is from the hearing on Petitioner's motion to withdraw his guilty  plea and not from his change of plea hearing.  (*See* Lodg. 3 at 16.)  It therefore had no bearing on Petitioner's decision to plead guilty or its consequences.[1]  Furthermore, as discussed below, independent reasons support the state court decision.

---

[1]   The appellate court's reference to this transcript was made in the context of determining whether the counsels' performance was deficient, not in the context of prejudice. (Lodg. 9 at 11-12.)

1    / / / / /

2           In cases such as this, where the petitioner pled guilty and acknowledged his guilt, it is "often

3    quite difficult . . . to satisfy *Strickland's* prejudice prong." *Padilla*, 130 S. Ct. at 1484 n.12 (discussing

4    *Hill*).  Petitioner claims that had he known he was subject to mandatory deportation after his guilty

5    plea, he would have gone to trial.  He does not contend he had a defense to the charges, but claims the

6    jury would have believed him that the drugs and the gun did not belong to him, and that he did not

7    know the quantity of the cocaine base he was carrying, because he had no criminal history and was

8    otherwise in good standing.  However, according to his own admission, he had "unlawfully possessed

9    controlled substance in a useable quantity with the knowledge it would be sold and possessed an

10   unloaded firearm during the commission of a felony." (Lodg. 1 at 12 (Plea of Guilty); *see also* Lodg.

11   3 (Transcript of Proceedings, Sept. 20, 2007 (change of plea colloquy)) at 7-8.)   In denying

12   Petitioner's habeas corpus petition, the state appellate court applied *Strickland* (Lodg. 9 at 8) and

13   reasoned:

14           We agree with the trial court that if the motion to withdraw the plea was granted and
             Velarde went to trial, based on the facts of his case that 'would be a very, very bad
15           decision,' as Velarde most likely would  be convicted of violations of Health and
             Safety Code section 11351.5 (possession of cocaine base for sale) and Penal Code
16           section 12022, subsection (c) (possession of a firearm in the commission a violation
             of Health and Safety Code section 11351.5), face a lengthy prison term and then be
17           deported.

18   (*Id*. at 12 (footnote omitted), quoting trial court ruling denying motion to withdraw plea; *see also id.*

19   at 13-14.) Based on the facts of Petitioner's case, this conclusion was not unreasonable.

20           The state court decision was not unreasonable for another independent reason -- even if

21   Petitioner's counsel had misinformed him about the immigration consequences of his plea, Petitioner

22   was not prejudiced "in light of the clear and unequivocal information he independently received from

23   the trial court and the plea form regarding the immigration consequences." (Lodg. 9 at 16.) The state

24   court pointed to the plea form Petitioner signed (*id*. at 13) and the change of plea colloquy with trial

25   court (*id*. at 14), both of which unequivocally informed Petitioner that he would be deported after his

26   guilty plea.

27           The "Consequences of Plea of Guilty or No Contest" part of the plea form reads,

28           [¶]  I understand that if I am not a U.S. citizen, this plea of Guilty/No Contest ~~may~~ *will*
             result in my removal/deportation, exclusion from admission to the U.S. and denial of

- 6 -                                                    10cv2609

1    naturalization.  Additionally, if the plea is to an "Aggravated Felony" listed on the
2    back of this form, then I **will** be deported, excluded from admission to the U.S., and
     denied naturalization.

3    (Lodg. 1 at 13 (bold in original, italics added).)  On this portion of the form, which Petitioner initialed,

4    the word "may" on the first line was crossed out and the word "will" was inserted.  Moreover, "felony

5    possession of any controlled substance" was included in the list of aggravated felonies listed on the

6    back of the form.  (*Id*. at 14A.)  Finally, before accepting the guilty plea, the trial court advised

7    Petitioner:

8              The Court:  . . . [T]he case can be used against you for many purposes.  If not
         a citizen in the country, it *will* result in removal, deportation, or exclusion from
9        admission into the United States and denial of naturalization.  Is that understood?

10             The Defendant:  Yes.

11   (Lodg. 3 at 7 (emphasis added).)

12        Petitioner had the burden to show a reasonable probability that, but for counsel's

13   unprofessional errors, the outcome would have been different.  *See Harrington*, 131 S. Ct. at 787.

14   This requires more than a showing "that the errors had some conceivable effect on the outcome of the

15   proceeding."  *Id*.  Based on the record before it, the state appellate court could reasonably conclude

16   Petitioner did not meet this standard.  On federal habeas review, this Court cannot conclude that no

17   fairminded jurists could agree on the correctness of the state court's decision.  *See id*. at 786.

18        The deferential standard on habeas review is intended to be "difficult to meet" and "reflects

19   the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice

20   system, not a substitute for ordinary error correction through appeal."  *Harrington*, 131 S. Ct. at 786

21   (internal quotation marks and citations omitted).  Petitioner's claim does not arise from an "extreme

22   malfunction" of the criminal justice system.

23        Based on the foregoing, Petitioner's objections are overruled.  The Report and

24   Recommendation is adopted in part and rejected in part as stated herein.  The Petition is **DENIED**,

25   and the Clerk shall enter judgment accordingly.  Certificate of appealability is **DENIED**.

26        **IT IS SO ORDERED.**

27

28   DATED:  November 8, 2011

1

HON. DANA M. SABRAW
United States District Judge

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28